**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENISE WOODS, as the Administrator of the Estate of Richard Woods, deceased, | No. 4:25-CV-00592 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| BOBBI JO SALAMON, Superintendent SCI-Rockview, JOHN/JANE DOES 1-10, and THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

**MEMORANDUM OPINION**

**DECEMBER 1, 2025**

## I.    BACKGROUND

On April 1, 2025, Plaintiff, Denise Woods—as the administrator of the estate of the deceased Richard Woods ["Mr. Woods"]—filed a five-count complaint against Defendants, Superintendent of SCI Rockview, Bobbi Jo Salamon ["Salamon"], the Pennsylvania Department of Corrections ["DOC"], and John/Jane Does 1–20, who were SCI Rockview personnel.[1] On June 2, 2025, Woods filed an

---

[1]    Doc. 1 (Compl.).

amended complaint that limited the number of John/Jane Does from twenty individuals to ten individuals.[2]

On June 25, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The motion is now ripe for disposition; for the reasons that follow, it is granted in part and denied in part, with only the deliberate indifference claim against Defendant Salamon surviving. However, Plaintiff will be provided leave to amend the complaint.

## II.    DISCUSSION

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[4] and *Ashcroft v. Iqbal*,[5] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the

---

[2]    Doc. 8 (Am. Compl.). Jane Does 1-2 "are psychologists or psychiatrist supervisors" at SCI Rockview. *Id.* ¶ 3. Jane Does 3-10 are "prison personnel" and others who were "involved in determining cause of death." *Id.* ¶ 3.

[3]    Doc. 11 (Mot. to Dismiss).

[4]    550 U.S. 544 (2007).

[5]    556 U.S. 662 (2009).

[6]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[7]

### B.    Facts Alleged in the Amended Complaint

The facts alleged in the amended complaint, which this Court must accept as true for the purposes of this motion, are as follows.

In April 2023, Richard Woods was an inmate at SCI Rockview.[8] Mr. Woods had "a history of depression, [was] prescribed mental health medication, and [had] a prior suicide attempt."[9] However, Mr. Woods did not openly acknowledge these difficulties and instead stated that he was "okay."[10] Around this time, Mr. Woods began to complain to family members that he was being assaulted by a fellow inmate or inmates who he believed to members of the crips street gang.[11] Due to the altercations, Mr. Woods was moved to a restricted housing unit ["RHU"] in the prison, despite Salamon's knowledge of his mental health history, prior suicide attempt, and that he was not taking his medication.[12] RHU is a section of the facility that is limited to inmates assigned to the unit and access between the cells—and as

---

[7]   *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

[8]   Doc. 8 ¶ 6.

[9]   *Id.* ¶ 13.

[10]  *Id.*

[11]  *Id.* ¶ 7.

[12]  *Id.* ¶¶ 13, 41.

a result contact between prisoners—is "only permitted under limited circumstances by guards."[13]

On April 20, 2023, Mr. Woods was in solitary confinement in the RHU.[14] On that day, he was found dead by an apparent hanging.[15] His family was informed by Salamon of the death and told that Mr. Woods was not in the RHU when he died.[16] When Mr. Woods body was view by his family, they observed extensive injuries and bruising on his entire body.[17] Additionally, his family was told that the sheet hanging "around Mr. Woods' neck at the time of his death was only tied to a bed."[18] Mr. Woods' non-medical records were not released to the family by Salamon's assistant and only some of his medical records have been released.[19] The family was told that these records would be released through discovery in this case.[20]

Plaintiff initiated the instant suit to recover for the death of Mr. Woods on April 1, 2025.[21] Her amended complaint brings claims under (1) the Eighth Amendment, (2) 42 U.S.C. § 1983 for a civil rights conspiracy Act ["Section 1983"],

---

[13]   *Id.* ¶ 9.
[14]   *Id.* ¶ 10.
[15]   *Id.* ¶¶ 1, 11. It should be noted that there had been five alleged suicides at SCI Rockview in the month prior to Mr. Woods' death—four in March and one in early April. *Id.* ¶ 36.
[16]   *Id.* ¶ 10.
[17]   *Id.* ¶ 11.
[18]   *Id.*
[19]   *Id.* ¶ 3.
[20]   *Id.*
[21]   Doc. 1.

(3) state law negligence and medical malpractice theories, (4) Wrongful Death Act ["Wrongful Death"], and (5) the Pennsylvania Survival Act ["Survival Action"].[22]

## C.     Analysis

Defendants' Motion to Dismiss raises three bases for dismissal: (1) that Plaintiff's amended complaint violates Federal Rule of Civil Procedure Eight [Rule 8], (2) that Plaintiff's state law negligence and medical malpractice claim against DOC is barred by sovereign immunity, and (3) that Plaintiff's Section 1983 civil conspiracy claim has not been sufficiently pled.[23] Because the Court has determined that there have been different levels of factual allegations pled that are relevant to Salamon and all other defendants, the Court will address both in turn.[24]

### 1.     Federal Rule of Civil Procedure Eight

Rule 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'"[25] "However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it."[26] Rather, "a plaintiff must make a factual showing of his entitlement to

---

[22] *See generally* Doc. 8.
[23] Doc. 12 (Br. in Supp.).
[24] Because the Court ultimately agrees that the civil conspiracy claim must be dismissed for failure to abide by Rule 8, an analysis of Defendants' third contention is not needed.
[25] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[26] *Hellman v. Kercher*, No. CIV.A. 07-1373, 2008 WL 1969311, at *3 (W.D. Pa. May 5, 2008).

relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory."[27] This means that some forth of "showing" or "factual allegation" is required in the complaint.[28] Therefore, the United States Court of Appeals for the Third Circuit has made it clear that the above-mentioned "plausibility standard is an interpretation of Federal Rule of Civil Procedure 8."[29]

In civil rights lawsuits—such as those invoking Section 1983—a defendant "must have personal involvement in the alleged wrongs."[30] While evidence of participation or personal knowledge can be sufficient to show personal involvement, "[a]llegations of participation or actual knowledge … must be made with appropriate particularity."[31] Lumping "defendants together without setting forth what each particular defendant is alleged to have done, is impermissibly vague [and in violation of Rule 8]. Alleging that Defendants undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards."[32]

---

[27]  *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 468 (M.D. Pa. 2015).

[28]  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[29]  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 (3d Cir. 2010).

[30]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[31]  *Id.*

[32]  *Torres v. Oliver*, No. 3:21-CV-02039, 2022 WL 2806846, at *2 (M.D. Pa. July 18, 2022) (internal quotation marks omitted) (citing *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386-87 (D.N.J. 2019)).

The story of this case is one of tragedy. But that tragedy does not excuse a party from abiding by the Federal Rules of Civil Procedure. Plaintiff's amended complaint is largely devoid of any specific allegations that would give rise to even an inference that a claim may be plausible in this case. The sole facts that have been plausibly pled are (1) Mr. Woods died while he was in solitary confinement in an RHU cell, (2) Salamon lied to his family about his whereabouts at the time of his death, (3) Mr. Woods told his family that he had been in assaulted by members of a gang, (4) when his family viewed his body, there was bruising on the entire body, (5) the prison personnel knew of the dangers of solitary confinement, and (6) Salamon knew that Mr. Woods had mental health issues and was a suicide risk.[33]

In regard to all defendants other than Defendant Salamon, none of these facts can be utilized to assist the Court in determining whether a claim is plausible and against whom it can be brought. What remains of the amended complaint are legal conclusions; there truly are no factual allegations related to the other defendants contained in the amended complaint.[34] The pled facts raise a suspicious and sad prison death, but they are not sufficient to allow this Court to find that the amended complaint has complied with out lenient pleading standards. As such, the

---

[33] Doc. 8, at 3-4.

[34] Such conclusions arise repeatedly throughout the recitation of the claims in the amended complaint. Examples of this include statements like "John/Jane Doe Defendants 3-10 caused or allowed to be caused to Mr. Woods significant bodily injuries" and "[d]efendants Salamon and John/Jane Doe 3-10 performed overt acts in furtherance of the conspiracy." Doc. 8 ¶¶ 12, 47.

Court must dismiss the claims against all defendants other than Defendant Salamon for failure to comply with Federal Rule of Civil Procedure 8(a).

### 2.    Defendant Salamon

There are relevant factual allegations included in the amended complaint relevant to Defendant Salamon. As previously noted, these are that when Salamon placed Mr. Woods in solitary confinement on the RHU, they knew that he had mental health issues, that he was a suicide risk, and of the dangers of solitary confinement.[35] This is assuredly insufficient to state a claim against Salamon for a civil rights conspiracy.[36] As such the conspiracy claim against Defendant Salamon will be dismissed for failing to abide by Rule 8.

Plaintiff has also brought claims against Defendant Salamon under the Pennsylvania Wrongful Death and Survival Statutes.[37] These claims rise and fall with the underlying tort alleged; a plaintiff must state a valid claim for the predicate tort to state a claim for survival or wrongful death.[38] Plaintiff has not alleged that Defendant Salamon has committed a tort, as the state law negligence

---

[35]  Doc. 8 ¶ 41.

[36]  The chief reason for this is that Plaintiff has stated, in conclusory fashion, that Salamon and defendants Jane Does 3-10 "act[ed] in concert and conspiracy" and "performed overt acts in furtherance of the conspiracy to either cover up the cause of death or the degree of deliberate indifference in relation to Mr. Woods' mental health treatment." Doc. 8 ¶¶ 46, 47. "These are the exact type of conclusory allegations that violate the pleading requirements provided in *Twombly* and *Iqbal.* Such formulaic, purely legal conclusions must be disregarded." *Fennell v. Wetzel*, No. 4:22-CV-00880, 2023 WL 1997116, at *6 (M.D. Pa. Feb. 14, 2023).

[37]  42 Pa. C.S. §§8301 and 8302.

[38]  *Simmons v. Simpson House, Inc.*, 259 F. Supp. 3d 200, 209 (E.D. Pa. 2017).

and medical malpractice claims are not brought against Salmon.[39] Because of this, the wrongful death and survival claims against Salamon must be dismissed as well.

The deliberate indifference claim under the Eighth Amendment is a closer call. The Eighth Amendment to the United States Constitution prohibits infliction of "cruel and unusual punishments."[40] "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."[41] "A particular vulnerability to suicide represents a serious medical need."[42] The Third Circuit has established a framework for analyzing Eighth Amendment deliberate indifference to medical needs claims in the context of prison suicides. To make out an Eighth Amendment claim, "a plaintiff in a prison suicide case has the burden of establishing three elements: (1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, *and* (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability."[43]

---

[39]  *See* Doc. 8, at 10.

[40]  U.S. CONST. AMEND. VIII.

[41]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, & Stevens, JJ.)).

[42]  *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005) (citing *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) ("*Colburn II*")).

[43]  *Colburn II*, 946 F.2d at 1023 (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 669 (3d Cir. 1988)) (emphasis added).

The instant case is indistinguishable from *Palakovic v. Wetzel*.[44] There, the United States Court of Appeals for the Third Circuit found that an estate of a deceased prisoner had plausibly pled a deliberate indifference claim when it alleged (1) the prison or its officials knew of the decedents mental health issues, (2) the officials knew of the dangers of solitary confinement, and (3) the officials knew of previous suicides and acts of self-harm at the particular prison.[45] While there are admittedly a barebones number of factual allegations made in the entire amended complaint, Plaintiff alleged the identical three facts here, regarding Defendant Salamon.[46] Therefore, the deliberate indifference claim has been plausibly pled against this defendant and is the only claim that survives this motion to dismiss.

### 3.    Sovereign Immunity

While a finding on the sovereign immunity issue is not necessary to the Court's disposition of the present motion—given that the amended complaint must be dismissed against all defendants other than Defendant Salamon for failure to abide by Rule 8—the Court believes it prudent to address it to aid Plaintiff in amending her complaint.

---

[44]  *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017).
[45]  *Id.* at 226.
[46]  While it may appear that the same logic could apply to John/Jane Does 1-2, it was never pled that they actually knew of Mr. Woods' mental health history. This difference means that the Court cannot allow for the deliberate indifference claims to survive a motion to dismiss against these defendants.

The defendants allege that the state law negligence and medical malpractice claims against DOC should be dismissed due to sovereign immunity.[47] Generally, "Pennsylvania has not waived its immunity from suit in federal court." [48] "Under Pennsylvania law, the Commonwealth, its agencies and employees enjoy broad immunity from most state-law tort claims."[49] There are only ten limited circumstances where the state has waived its sovereign immunity—one of which is for negligent acts involving medical-professional liability.[50]

Plaintiff does not clearly state what exception he believes would allow an agency of the state like DOC to be sued here. Rather, it broadly states that "[t]he doctrine of sovereign immunity does not automatically release the DOC from suit."[51] This is undoubtably true, and an invocation of the doctrine of sovereign immunity will not cause the Court to blindly dismiss the claims against DOC.

However, the fact remains that Pennsylvania has waived its sovereign immunity in only very limited circumstances. The medical-professional liability exception covers "[a]cts of health care employees of Commonwealth agency

---

[47]  *See* Doc. 12, at 6-8.

[48]  *Brown v. Smith*, No. 1:18-CV-00193, 2019 WL 2411749, at *4 (W.D. Pa. June 7, 2019) (citing 1 Pa. C.S. § 2310).

[49]  *Toth v. California Univ. of Pennsylvania*, 844 F. Supp. 2d 611, 648 (W.D. Pa. 2012) (citing 1 Pa. C.S. § 8521(b)). Additionally, DOC is clearly an agent of the state. *See Brown*, 2019 WL 2411749, at *4.

[50]  42 Pa. C.S. § 8522(b)(2).

[51]  Doc. 13 (Br. in Opp'n), at 5.

medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel."[52] This makes it clear that the exception waives sovereign immunity for state law negligence claims against *individual* Commonwealth employees—not general agencies of the state.

Therefore, the medical-professional liability exception is inapplicable here and the DOC is entitled to sovereign immunity for the state law negligence claim. Because wrongful death and survival claims rise and fall with the underling tort claim—for DOC this would be the negligence claim—under the current amended complaint, DOC must be dismissed as a defendant on those counts as well.

## III.    CONCLUSION

Defendant[s]' motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part. In summary, the only claim to survive this motion to dismiss is the deliberate indifference claim under the Eight Amendment against Defendant Salamon. All other claims and defendants are dismissed from this case without prejudice.

However, Plaintiff is granted leave to amend. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[53] But the law in the Third Circuit is clear that leave to amend should be "freely given" regardless of whether

---

[52]  42 Pa. C.S. § 8522(b)(2).
[53]  *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

leave is specifically requested.[54] As such, Plaintiff will be given fourteen days from today's date to file an amended complaint. If no amended complaint is filed, the action will be subject to dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[54]    _Id._ (quoting Fed. R. Civ. P. 15(a)).